In the

# United States Court of Appeals

### For the Seventh Circuit

No. 09-1407

STATE OF ILLINOIS,

*Plaintiff-Appellee,*

*v.*

HEMI GROUP LLC,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 3:08-cv-03050—**Jeanne E. Scott**, *Judge.*

ARGUED SEPTEMBER 24, 2009—DECIDED SEPTEMBER 14, 2010

Before BAUER, KANNE, and EVANS, *Circuit Judges.*

KANNE, *Circuit Judge.* The state of Illinois sued Hemi Group LLC for selling cigarettes to Illinois residents in violation of state laws and for failing to report those sales in violation of federal law. The district court denied Hemi's motion to dismiss for lack of personal jurisdiction, finding that the Internet transactions sufficed to establish personal jurisdiction over Hemi in Illinois. We affirm.

## I. BACKGROUND

Hemi, based out of New Mexico, sells discount cigarettes through its many websites. Customers may place orders online or through mail, telephone, or fax. Customers online may determine their shipping costs by inputting their zip codes on the website. Illinois alleges that Hemi sold cigarettes to Illinois residents through its websites. The only specific sales to an Illinois resident that Illinois identified in its complaint were instigated by a special senior agent of the Illinois Department of Revenue, who purchased more than three hundred packs of cigarettes from Hemi-operated websites in 2005 and 2007.

On several of its websites, Hemi states that it will not sell cigarettes to New York residents;[1] on one of those sites, it explains that ongoing litigation in New York led to the decision not to sell cigarettes there. On another of those sites, Hemi notes that it sells to every state except New York. Hemi does not specifically single out Illinois residents on any of its websites.

Hemi pays the federal tax on the cigarettes that it sells via its websites, but Illinois law leaves it to the buyers to pay the applicable state tax on cigarettes purchased over the Internet or by mail, phone, or fax. Hemi's websites direct customers to check with their states to determine their responsibility for paying state taxes.

---

[1] At oral argument, counsel for Illinois indicated that Hemi has subsequently increased the number of states to which it will not ship cigarettes, although the additional states are not part of the record on appeal.

The parties agree that Hemi is not a resident of Illinois. It is not incorporated or organized under Illinois law, it is not registered to do business in Illinois, it does not have any offices or employees in Illinois, it does not bank in Illinois, and it has not advertised in print media in Illinois.

Illinois sued Hemi in Illinois state court for failing to submit to Illinois monthly reports of sales to Illinois residents as required by the Jenkins Act, for violating the Prevention Act by shipping cigarettes to Illinois residents that were not licensed distributors or export warehouse operators, and for violating the Enforcement Act and the Consumer Fraud Act by selling brands of cigarettes to Illinois residents that were not in the Illinois Directory.

Hemi removed the case to federal court and moved to dismiss for lack of personal jurisdiction. The district court denied Hemi's motion, finding that Hemi purposefully availed itself of the opportunity to do business with Illinois residents and that due process was not offended by exercising personal jurisdiction over Hemi. The district court, however, stayed the proceedings below to allow Hemi to pursue this interlocutory appeal of the district court's order.

## II. ANALYSIS

The sole question on appeal is whether the district court in Illinois may properly exercise personal jurisdiction over Hemi. We review questions of personal jurisdic-

tion *de novo. Kinslow v. Pullara*, 538 F.3d 687, 690 (7th Cir. 2008).

### A.  Scope of Illinois Constitution

Because the Jenkins Act does not provide for service of process, the district court may exercise personal jurisdiction over Hemi only to the extent that a court of general jurisdiction in Illinois could. Fed. R. Civ. P. 4(k)(1)(A). Illinois's long-arm statute provides for jurisdiction "on any . . . basis now or hereafter permitted by the Illinois Constitution or the Constitution of the United States." 735 ILCS 5/2-209(c). The district court may exercise jurisdiction only if both the state and federal constitutional requirements are satisfied. *See Sabados v. Planned Parenthood of Greater Indiana*, 882 N.E.2d 121, 125 (Ill. App. Ct. 2007).

The Illinois Constitution allows a state court to exercise personal jurisdiction "only where it is fair, just, and reasonable . . . considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois." *Citadel Group Ltd. v. Washington Reg'l Med. Ctr.*, 536 F.3d 757, 761 (7th Cir. 2008) (internal quotation marks omitted). Although the Illinois Supreme Court has stated that "the scope of Illinois's long-arm statute may not be co-extensive with the jurisdictional aspect of the Federal due process clause in any particular situation," *Rollins v. Ellwood*, 565 N.E.2d 1302, 1315 (Ill. 1990), subsequent courts have noted that no case has yet arisen where federal due process would allow the exercise of personal jurisdiction over a defen-

dant but the Illinois Constitution would not. *See Kinslow*, 538 F.3d at 691; *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 715-16 (7th Cir. 2002); *Sabados*, 882 N.E.2d at 125 n.2. Hemi argues, however, that a series of recent Illinois appellate court decisions demonstrates that Illinois does in fact require more than federal law. *See Estate of Isringhausen v. Prime Contractors and Associates, Inc.*, 883 N.E.2d 594 (Ill. App. Ct. 2008); *Hanson v. Ahmed*, 889 N.E.2d 740 (Ill. App. Ct. 2008); *Sabados*, 882 N.E.2d 121; *Bolger v. Nautica Int'l, Inc.*, 861 N.E.2d 666 (Ill. App. Ct. 2007).

We are not convinced. None of the cases cited by Hemi even suggests, much less holds, that there is a meaningful difference between the federal and Illinois due process standards. In fact, the court in *Sabados*—a case cited by Hemi in support of its position—noted that the distinction was theoretical, and that it was un-aware of any case actually holding that "personal jurisdiction could be satisfied under the federal constitution, but not the Illinois Constitution." 882 N.E.2d at 125 n.2 (*citing Kostal v. Pinkus Dermatopathology Lab.*, 827 N.E.2d 1031, 1037 (Ill. App. Ct. 2005)). We are not interested in usurping Illinois's conceptualization of due process. However, we are still unable to discern an "operative difference between the limits imposed by the Illinois Constitution and the federal limitations on personal jurisdiction." *Hyatt Int'l Corp.*, 302 F.3d at 715. Therefore, we will limit our analysis to whether exercising juris-diction over Hemi comports with the federal guarantee of due process. *See Citadel Group*, 536 F.3d at 761.

*B. Federal Constitutional Limits on Personal Jurisdiction*

We recently described the "current state of the constitutional dimension of personal jurisdiction":

> [T]he defendant must have minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. Those contacts may not be fortuitous. Instead, the defendant must have purposefully established minimum contacts within the forum State before personal jurisdiction will be found to be reasonable and fair. Crucial to the minimum contacts analysis is a showing that the defendant should reasonably anticipate being haled into court in the forum State, because the defendant has purposefully availed itself of the privilege of conducting activities there.

*Kinslow*, 538 F.3d at 691 (internal quotation marks omitted). The district court held, and Illinois does not appear to disagree, that Hemi does not have the continuous and systematic general business contacts with Illinois to justify exercising general jurisdiction over Hemi. *Illinois v. Hemi Group LLC,* No. 08-3050, 2008 WL 4545349, at *2 (C.D. Ill. Oct. 10, 2008); *see also RAR, Inc. v. Turner Diesel, Ltd.,* 107 F.3d 1272, 1277 (7th Cir. 1997). Therefore, we consider only whether the district court may exercise specific jurisdiction over Hemi.

*1. Minimum Contacts*

We find that Hemi's contacts with Illinois were sufficient to satisfy due process. Hemi maintained commercial websites through which customers could purchase cigarettes, calculate their shipping charges using their zip codes, and create accounts. Hemi stated that it would ship to any state in the country except New York. This statement is important for two reasons. First, Hemi expressly elected to do business with the residents of forty-nine states. Although listing all forty-nine states by name would have made a stronger case for jurisdiction in this case, inasmuch as it would have expressly stated that Hemi wanted to do business with Illinois residents, the net result is the same—Hemi stood ready and willing to do business with Illinois residents. *Cf. Neogen Corp. v. Neo Gen Screening, Inc.,* 282 F.3d 883, 891 (6th Cir. 2002). And Hemi, in fact, knowingly did do business with Illinois residents. In light of this, Hemi's argument that it did not purposefully avail itself of doing business in Illinois rings particularly hollow.

Second, the fact that Hemi excluded New York residents from its customer pool shows both that Hemi knew that conducting business with residents of a particular state could subject it to jurisdiction there and also that it knew how to protect itself from being haled into court in any particular state. Due process requires that "potential defendants should have some control over—and certainly should not be surprised by—the jurisdictional consequences of their actions." *RAR, Inc.,* 107

F.3d at 1278. That requirement is satisfied here. While Hemi is correct that its contacts, or lack of contacts, with any other state has no bearing on whether it is subject to personal jurisdiction in Illinois, its election not to do business with New York demonstrates that it should have foreseen being subject to litigation in Illinois as a result of its cigarette sales to Illinois customers.

Hemi argues that its sales to customers, specifically the sales to the special agent of the Illinois Department of Revenue, cannot constitute the required minimum contacts because the purchases were unilateral actions by the customers. *See Kulko v. Superior Court of Calif.*, 436 U.S. 84, 93-94 ("'The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State.'" (*quoting Hanson v. Denckla*, 357 U.S. 235, 253 (1958))). Characterizing the sales as unilateral is misleading, however, because it ignores several of Hemi's own actions that led up to and followed the sales. Hemi created several commercial, interactive websites through which customers could purchase cigarettes from Hemi. Hemi held itself out as open to do business with every state (including Illinois) except New York. After the customers made their purchases online, Hemi shipped the cigarettes to their various destinations. It is Hemi reaching out to residents of Illinois, and not the residents reaching back, that creates the sufficient minimum contacts with Illinois that justify exercising personal jurisdiction over Hemi in Illinois.

We wish to point out that we have done the entire minimum contacts analysis without resorting to the

sliding scale approach first developed in *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997). This was not by mistake. Although several other circuits have explicitly adopted the sliding scale approach, *see Tamburo v. Dworkin*, 601 F.3d 693, 703 n.7 (7th Cir. 2010) (collecting cases), our court has expressly declined to do so. In *Tamburo*, we said that we were hesitant "to fashion a special jurisdictional test for Internet-based cases." *Id*. That case dealt specifically with an intentional tort (defamation) committed over the Internet and through e-mail. Long before the Internet became a medium for defamation, the Supreme Court in *Calder v. Jones,* 465 U.S. 783 (1984), had decided the relevant jurisdictional standard for intentional torts that cross state lines. We concluded that "the principles articulated [in *Calder*] can be applied to cases involving tortious conduct committed over the Internet." *Tamburo,* 601 F.3d at 703.

We reach the same conclusion here. *Zippo*'s sliding scale was always just short-hand for determining whether a defendant had established sufficient minimum contacts with a forum to justify exercising personal jurisdiction over him in the forum state. But we think that the traditional due process inquiry described earlier is not so difficult to apply to cases involving Internet contacts that courts need some sort of easier-to-apply categorical test. *See Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 550 (7th Cir. 2004) ("[A]lthough technological advances may alter the analysis of personal jurisdiction, those advances may not eviscerate the constitutional limits on a state's power to exercise jurisdiction over nonresident defendants.").

We have on at least one prior occasion made reference to *Zippo*'s sliding scale approach. In *Jennings v. AC Hydraulic A/S*, we found that "[t]he exercise of personal jurisdiction based on the maintenance of a passive website is impermissible because the defendant is not directing its business activities toward consumers in the forum state in particular." 383 F.3d at 549-50. We specifically declined to determine "what level of 'interactivity' is sufficient to establish personal jurisdiction based on the operation of an interactive website." *Id.* at 549. We do not read *Jennings* to stand for anything more than the accepted notion that a website that provides only information does not create the minimum contacts necessary to establish personal jurisdiction over a defendant in a particular state. *Jennings* did not expressly adopt the sliding scale approach and does not preclude our decision today rejecting that approach.

### 2. Relatedness

For the court to exercise specific jurisdiction over Hemi, Illinois's claims must arise out of Hemi's contacts with Illinois. *RAR, Inc.*, 107 F.3d at 1277-78. This requirement is satisfied here. Hemi sold and shipped cigarettes to Illinois residents, and Hemi's actions surrounding those sales triggered Illinois's claims against it. Even if the sales technically occurred in New Mexico under commercial law, Illinois's claims are not based on the contract between Hemi and its customers, but rather on the fact that when it sold cigarettes to Illinois customers, Hemi allegedly violated Illinois law and failed to satisfy

its reporting obligations. Thus, the legal location of the sales contract is not dispositive of the personal jurisdiction question.

### 3. Fairness

Finally, jurisdiction over Hemi is only proper if exercising jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). We will consider:

> [T]he burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of [the underlying dispute], and the shared interest of the several States in furthering fundamental substantive social policies.

*Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 781 (7th Cir. 2003) (internal quotation marks omitted). Here we do apply a sliding scale test: the weaker the defendant's contacts with the forum state are, the less likely it is that exercising jurisdiction over that defendant is appropriate. *Id.* However, "[t]hese factors rarely will justify a determination against personal jurisdiction" because there are other mechanisms available to the court—such as choice of law and transfer of venue—to accommodate the various interests at play. *Id.* at 781 n.10.

We conclude that exercising jurisdiction over Hemi in Illinois is fair. Hemi set up an expansive, sophisticated

commercial venture online. It held itself out to conduct business nationwide and was apparently successful in reaching customers across the country. It was savvy enough to at least try to limit its exposure to lawsuits in states in which it felt that the upside of doing business was outweighed by the risk of litigation. Hemi wants to have its cake and eat it, too: it wants the benefit of a nationwide business model with none of the exposure. There is nothing constitutionally unfair about allowing Illinois, a state with which Hemi has had sufficient minimum contacts, to exercise personal jurisdiction over Hemi.

To be sure, defending against a lawsuit in Illinois may prove to be a burden on Hemi, whose physical business operations are located entirely in New Mexico. However, Illinois courts have a strong interest in providing a forum to resolve a dispute involving the state itself, and it would be most convenient to the state of Illinois (and likely New Mexico) to adjudicate a dispute based on Illinois law in Illinois courts. None of the other relevant factors weighs conclusively in Hemi's favor.

This case is still at the very earliest stages of litigation, and we conclude only that Illinois has established a prima facie case of personal jurisdiction over Hemi in Illinois. Moving forward, the district court will be able to employ other mechanisms to balance the various competing interests in this litigation.

We note the legitimate concern that "[p]remising personal jurisdiction on the maintenance of a website, without requiring some level of 'interactivity' between the defendant and consumers in the forum state, would create

almost universal personal jurisdiction because of the virtually unlimited accessibility of websites across the country." *Jennings*, 383 F.3d at 550. Courts should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state, even if that site is "interactive." Here, we affirm the district court's conclusion that Hemi is subject to personal jurisdiction in Illinois, not merely because it operated several "interactive" websites, but because Hemi had sufficient voluntary contacts with the state of Illinois. *See Neogen*, 282 F.3d at 890-91. We make no comment on whether Hemi may be subject to personal jurisdiction in any other state.

## III. Conclusion

We AFFIRM the district court's denial of Hemi's motion to dismiss for lack of personal jurisdiction and REMAND for further proceedings.