**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 12, 2014[*]
Decided March 13, 2014

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 13-2616

| | |
|---|---|
| ANN A. SNODGRASS, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 12 C 10255 |
| BERKLEE COLLEGE OF MUSIC, et al., *Defendants-Appellee*s. | Robert M. Dow, Jr., *Judge.* |

**O R D E R**

At various times over the years, Ann Snodgrass taught at Berklee College of Music, Massachusetts Institute of Technology, and Boston University. Each institution is incorporated, and has its principal place of business, in Massachusetts. Snodgrass has sued these former employers in federal court, not in the District of Massachusetts, but in the Northern District of Illinois where she lived when she filed suit (she since has moved out of the state). Snodgrass claims that, among other wrongs, all three defendants fired her because of her sex. *See* 42 U.S.C. § 2000e-2(a)(1). The district court

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. The appeal thus is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

agreed with the defendants that personal jurisdiction is lacking in Illinois and dismissed the suit without prejudice. *See* FED. R. CIV. P. 12(b)(2). Snodgrass appeals the dismissal.

In seeking dismissal the defendants submitted affidavits from administrators disclosing contacts the institutions have with Illinois. Berklee College of Music does not derive any direct income from services rendered in the state, its four employees with an Illinois address work in Boston, and less than one percent of its 27,000 students enrolled in online courses are from Illinois. MIT offers six online courses through an affiliated trade association, but no instructor is located in Illinois. At BU, 78 students from Illinois enrolled in online courses; this was 3.2% of total online enrollment and .24% percent of the student body. Snodgrass disputed none of this data, which, the district court reasoned, falls short of the contacts necessary to establish general personal jurisdiction. (Snodgrass did not allege that her claims arose from conduct in Illinois, so the court did not address whether it could exercise specific personal jurisdiction over any defendant.)

On appeal Snodgrass argues that the district court has general personal jurisdiction because, she says, each institution has a sizeable endowment and extensive "cyber contacts." Thus, on her view, the defendants can be sued anywhere. She also proposes that we "reconsider" *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416–18 (1984), which concluded that a Texas court lacked general jurisdiction over a foreign corporation whose contacts included spending millions of dollars on equipment from Texas suppliers and sending many employees there for training. She suggests that we embrace the dissent in *Helicopteros*, *id.* at 419 (Brennan, J., dissenting), because dissenting jurists may illuminate arguments that "fail to register in actual Opinions."

A federal district court has personal jurisdiction in Title VII cases to the same extent as the courts of the state where that court sits. And since the Illinois long-arm statute reaches as far as the federal Due Process Clause allows, *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Houston Metroplex*, 623 F.3d 440, 443 (7th Cir. 2010); *N. Grain Mktg., LLC v. Greving*, No. 12-2653, 2014 WL 595767, at *3 (7th Cir. Feb. 18, 2014), the question before us is whether Snodgrass established enough contacts in Illinois to justify exercising general jurisdiction over the defendants, as was her burden, *see Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). General jurisdiction over an out-of-state corporation may be appropriate when its affiliations with the forum state are so continuous and systematic as to render the corporation essentially at home in that state. *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014); *Abelesz v. OTP Bank*, 692 F.3d 638, 654 (7th Cir. 2012).

We recognize the potential complexity of resolving questions about personal jurisdiction involving Internet contacts with a particular state. *See uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 433 (7th Cir. 2010) (Manion, J., concurring); *Illinois v. Hemi Group LLC*, 622 F.3d 754, 760 (7th Cir. 2010). But the limited contacts that Berklee College, MIT, and BU have with Illinois through the Internet do not make these defendants essentially at home in the state and subject to general personal jurisdiction. *See Daimler AG*, 124 S. Ct. at 754. The defendants' contacts with Illinois are even more attenuated than those deemed inadequate to permit hailing a foreign university into federal court in Pennsylvania. *See Gehling v. St. George's Sch. of Med., Ltd.*, 773 F.2d 539, 543 (3d Cir. 1985). In *Gehling* six percent of the students enrolled with the plaintiffs' son (a Pennsylvania resident whose death while attending the university was the subject of the litigation) were from Pennsylvania, those students collectively paid the university several hundred thousand dollars annually in tuition, the university operated a joint program with a Pennsylvania college, and university representatives traveling through the state on a media tour appeared on television and radio programs that reached hundreds of thousands of Pennsylvanians. *Id.* at 541–43. Moreover, our conclusion that Snodgrass did not meet her burden is consistent with other decisions involving Internet contacts with the forum state. *Compare uBID, Inc.*, 623 F.3d at 426–29 (concluding that general jurisdiction was lacking over web-based company which earned millions of dollars annually from Illinois customers and deliberately and successfully exploited Illinois market), *Hemi Group LLC*, 622 F.3d at 757–59 (noting parties' agreement that general jurisdiction was lacking over company which utilized multiple interactive websites to market cigarettes that were sold and shipped to Illinois consumers), *and CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1074–76 (9th Cir. 2011) (concluding that general jurisdiction was lacking in California over company which operated several websites, specifically targeted California customers, and registered hundreds of California users), *with Gator.com Corp. v. L.L. Bean, Inc.*, 341 F.3d 1072, 1074–80 (9th Cir. 2003) (concluding that L.L. Bean was subject to general jurisdiction in California where company targeted extensive, sophisticated electronic advertising, sold millions of dollars' worth of merchandise annually to California customers by Internet and telephone, and maintained ongoing contacts with multiple California vendors).

Snodgrass's assertion to this court that the defendants should be subject to general jurisdiction outside Massachusetts because they have "25,000 online student contacts daily" is beside the point. This number apparently is her estimate of the total contacts that 2,500 international students at one of the schools have each day with family and friends outside Massachusetts (she speculates that each student makes two phone calls, sends seven e-mails, and uses Skype once). But she presented no evidence in the district court to substantiate this figure or any other, and, regardless, student communications are irrelevant. Moreover, even if one or more of the defendants has

sufficient online contacts with a state other than Massachusetts to subject it to general jurisdiction elsewhere, the question we must decide is whether the schools are subject to jurisdiction in *Illinois*. Snodgrass did not dispute, or offer evidence adding to, the contacts with Illinois that the defendants conceded, so if there is additional evidence of online contacts, the district court was not alerted to that evidence. The burden, as we have said, belonged to Snodgrass.

Finally, we note that we are bound by Supreme Court precedent. *E.g., United States v. Cheek*, 740 F.3d 440, 453 (7th Cir. 2014); *United States v. Leija-Sanchez*, 602 F.3d 797, 799 (7th Cir. 2010); *Scheiber v. Dolby Labs., Inc.*, 293 F.3d 1014, 1018 (7th Cir. 2002). In any event, if we were in a position to reassess *Helicopteros*, Snodgrass still would not prevail. The evidence before us about the defendants' contacts with Illinois falls short of the numerous and frequent commercial transactions that the dissenting justice deemed sufficient to confer general jurisdiction in *Helicopteros*. *Id.* at 423.

**AFFIRMED**.